IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. MCCLUSKEY, as Surviving Spouse and as Personal Representative of the Estate of Mary L. McCluskey, deceased,  Plaintiff,  v.  PFIZER INC., a Delaware Corporation; PHARMACIA CORPORATION, a Delaware Corporation; MONSANTO COMPANY, a Delaware Corporation; G. D. SEARLE, LLC, a Delaware Corporation; JAMES A. STEWART, an Individual; ANNA LEIGH WEBB, an Individual; TRAVIS TAYLOR, an Individual; ROBERT VANDELUNE, an Individual, et al,  Defendant. | * * * * * * * * * * * * * * * * * * * *  Case No. _____ |

## NOTICE OF REMOVAL

TO:   The United States District Court for the Northern District of Alabama:

PLEASE TAKE NOTICE that Merck & Co., Inc. ("Merck") hereby removes this action pursuant to 28 U.S.C. § 1441 from the Circuit Court of Jefferson County, Alabama, to the United States District Court for the Northern District of Alabama, and respectfully states to this Court as follows:

1.   This action, as to Merck, involves allegations regarding the prescription drug VIOXX®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring 148 VIOXX® products liability cases to the United States

1

District Court for the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407.  Merck intends to seek the transfer of this action to that Multidistrict litigation, *In re VIOXX Products Liability Litigation,* MDL No. 1657, and files contemporaneously herewith a motion to stay pending MDL transfer.

2. On December 13, 2006, Plaintiff William D. McCluskey, as Surviving Spouse and as Personal Representative of the Estate of Mary L. McCluskey, Deceased, ("Plaintiff") commenced this action by filing a complaint (the "Complaint") in the Circuit Court of Jefferson County, Alabama, CV 2006-07108.

3. On or about January 4, 2007, Merck was served with a copy of Plaintiffs' Complaint.  On or about January 4, 2007, Defendants Cedric Anderson, Anna Leigh Webb, and James Stewart were served with a copy of the Plaintiff's Complaint.   On or about January 4, 2007, Pfizer, Inc. was served with a copy of the Plaintiff's Compliant.  On or about January 4, 2007, Pharmacia Corporation was served with a copy of the Compliant.  On or about January 5, 2007, Monsanto Company was served with a copy of the Complaint. On or about January 8, 2007, G. D. Searle, LLC was served. A true and correct copy of all pleadings filed in the Circuit Court of Jefferson County, Alabama, and served on Merck is  attached hereto as **Exhibit A**.

4. For the reasons described below, this Court has jurisdiction over the state court action pursuant to 28 U.S.C. § 1332 because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and it is between citizens of different states.

**I.** **MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

2

5. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441(b), because it is filed within thirty days of service on all properly served defendants.

6. The United States District Court for the Northern District of Alabama embraces the county in which the state court action is now pending. Therefore, this Court is a proper venue for this action pursuant to 28 U.S.C. §§ 81 & 1441(a).

7. Merck need not obtain the consent of the Employee Defendants because, as set out more fully below, the Employee Defendants are fraudulently joined in this action in an attempt to defeat removal. *See Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993); *Polyplastics, Inc. v. Transconex, Inc.*, 713 F.2d 875, 877 (1st Cir. 1983); *Alexander v. UDV N. Am., Inc.*, 78 F. Supp. 2d 614, 617 n. 4 (E.D. Mich. 1999) (citing *Balazik v. County of Dauphin*, 44 F.3d 209, 213 n.4 (3d Cir. 1995)). The other defendants are filing a Joinder to Notice of Removal contemporaneously with the filing of this Notice of Removal. (See **Exhibit AB).**

8. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendants is attached as **Exhibit B**. Pursuant to 28 U.S.C. § 1446(d), a copy of the Notice of Removal is being served upon counsel for Plaintiffs and a copy is being filed with the Clerk of the State Court in which the action is currently pending. A copy of Merck's filing in state court is attached hereto as **Exhibit C**.

### III. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

#### A. The Amount in Controversy Requirement Is Satisfied.

9. It is apparent from the face of the Complaint that the Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest. Since the

Complaint seeks an unspecified amount of damages, Merck must only show that "the amount in controversy more likely than not exceeds the jurisdictional requirement." *See Owens v. Life Ins. Co. of Georgia*, 289 F. Supp. 2d 1319, 1327 (M.D. Ala. 2003) (*quoting Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)).

10. In this case, Plaintiff alleges that his deceased spouse, Mary L. McCluskey, suffered cardiovascular events and died as a result of her ingestion of Vioxx. and Celebrex [Compl., ¶ 152-154]. Based on this and other allegations, the Complaint seeks unspecified compensatory and punitive damages for the injuries allegedly caused by Vioxx and Celebrex. [*See, e.g., id.,* p. 34].

11. Alabama juries in product liability cases routinely render verdicts in excess of $75,000 exclusive of interest and costs. See **Exhibit D**. Further, Alabama appellate courts have upheld verdicts in excess of $75,000 in such cases. *Id.*

12. In circumstances similar to this case, federal courts around the country have ruled that actions alleging personal injuries caused by Vioxx meet the amount-in-controversy threshold. *See, e.g., Morgan v. Merck & Co.*, No. 3:03cv435WS, slip op. at 2 (S.D. Miss. Mar. 29, 2004); *Benavidez v. Merck & Co.*, No. L-03-134, slip op. at 1 (S.D. Tex. Apr. 6, 2004); *Stubblefield v. Merck & Co.*, Civ. No. H-02-3139, slip op. at 1 (S.D. Tex. Oct. 8, 2002); *Zeedyk v. Merck & Co.*, No. 02-C-4203, slip op. at 1 (N.D. Ill. August 30, 2002); *Abrusley v. Merck & Co.*, No. 02-0196, slip op. at 2 n.2 (W.D. La. June 18, 2002); *Jones v. Merck & Co.*, Civ. No. 02-00186, slip op. at 2 (D. Haw. June 5, 2002). These courts all were presented with complaints seeking damages for injuries caused by Vioxx, and all found that the requirements for federal diversity jurisdiction, including the amount in controversy, were satisfied.

4

**B.      There is Complete Diversity of Citizenship.**

13.    There is complete diversity as between Plaintiff and the only properly joined defendants.

14.    Plaintiff is a citizen of the State of Alabama. [Compl., ¶ 1].[1]

15.    Merck is, and was at the time this suit was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.

16.    Defendant Pfizer was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of business in New York. Accordingly, Pfizer is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

17.    Defendant Pharmacia was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of business in New Jersey. Accordingly, Pharmacia is not now, nor was it at the time of filing of this action, a citizen of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

---

[1] Plaintiff alleges that he is a resident of Alabama and that Mary McCluskey was a resident of Alabama at the time of her death. [Compl., ¶ 1]. Plaintiff does not allege any alternative states of residence. Accordingly, upon information and belief, Alabama is the state in which Plaintiff is domiciled and where Mary McCluskey was domiciled and, therefore, the state of which they were citizens for purposes of determining diversity. 28 U.S.C. § 1332(a).

Case 3:07-cv-03342-VRB    Document 1-1    Filed 06/26/2007    Page 5 of 14

5

18. Defendant Searle was at the time of filing of this action, and still is, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey. *See e.g., Rolling Greens MHP, LP v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a "limited liability company is a citizen of any state of which a member of the company is a citizen"); *see also* 28 U.S.C. § 1332(c)(1). Thus, Searle is not now, nor was it at the time of filing this action a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

19. In 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc., and 1933 Monsanto changed its name to Pharmacia Corporation. As stated in Paragraph 8, *supra*, Pharmacia is (and was at the time of the filing of this action) a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Accordingly, Defendant Monsanto Company, is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

20. The Complaint includes a number of fictitious defendants, whose citizenship is ignored for removal purposes. 28 U.S.C. § 1441(a).

21. Plaintiff names three employees of Merck as Defendants[2], along with employees of the other corporate defendants. [Compl., ¶¶ 7]. However, these Defendants are fraudulently joined and, therefore, their citizenship must be ignored for removal purposes. *See, e.g., Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1360 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot*, 204 F.3d 1069 (11th Cir. 2000).

22. Unfortunately, the fraudulent joinder of pharmaceutical employees has become a common tactic in pharmaceutical litigation to attempt to defeat diversity and thwart defendants' right to defend claims against them in Federal Courts. This is especially true in Alabama (and, in particular, lawsuits concerning Vioxx) where identically drafted complaints are brought against the same pharmaceutical employees. *See Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005)(noting the common strategy of plaintiffs in pharmaceutical cases to name local sales representatives to thwart removal). Indeed, two separate MDL courts have found, applying Alabama law in the context of claims based on prescription medications, that plaintiffs cannot pursue claims against sales representatives and that their joinder does not defeat diversity. *See, e.g., In re Rezulin Products Liability Litigation*, 133 F. Supp. 2d 272, 287 (S.D. N.Y. 2001)

---

[2] Defendant James Stewart has since been voluntarily dismissed by Plaintiff.

7

("*Rezulin I*"); *In re Baycol Products Litigation*, MDL 1431, Order dated March 26, 2004, attached hereto as **Exhibit E**. *See also Fowler v. Pharmacia & Upjohn et al.,* CV-04-PT-712-M, Order dated June 24, 2004, attached hereto as **Exhibit F** (denying motion to remand, citing *In re Rezulin* and *In re Baycol* opinions discussed herein). Even the 11th Circuit has recently recognized the general inability of plaintiffs in pharmaceutical cases to state claims against sales representatives. *See Legg v. Wyeth*, 428 F.3d 1317, 1325 (11th Cir. 2005).

23. A defendant is fraudulently joined when there is no "reasonable basis for predicting" that a state court might impose liability on the resident defendant. *Crowe v. Coleman*, 113 F.3d 1536, 1542 (11th Cir. 1997); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.,* 313 F.3d 305, 312 (5th Cir. 2002) (recognizing that a "reasonable" basis to predict that plaintiff could prevail on the claims against an in-state defendant requires more than a "theoretical" possibility). Such a "reasonable basis" must be based on facts in evidence and cannot be "merely theoretical." *Legg v. Wyeth,* 428 F.3d 1317, 1325 at n.5 (11th Cir. 2005). *See also Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *4 (M.D. Ala. Dec. 19, 2005)(discussing *Legg*). When the defendant presents affidavits that are not disputed by the plaintiff, "the court cannot then resolve the facts in the Plaintiffs' favor based solely on the unsupported allegations in the Plaintiffs' complaint." *Legg*, 428 F.3d at 1321. The Court must not, "*in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts.*" *Id.* at 1323 (quoting *Badon v. RJR Nabisco, Inc.*, 224 F.3d 382, 393-94 (5th Cir. 2000)) (emphasis in original).

8

In recent removals involving similar allegations made by Plaintiff's counsel (and associate counsel) against representatives of Pfizer, Alabama federal courts have stayed or deferred proceedings pending transfer to the Pfizer Multidistrict Litigation ("Pfizer MDL") Court, *see, e.g., Morris v. Pfizer Inc.,* No. 2:06-cv-349-MEF (M. D. Ala. May 26, 2006) (Fuller, J.) (denying Plaintiff's Motion to Expedite Ruling on Motion to Remand, whereupon case transferred to MDL court); *Osteen v. Pfizer Inc.,* No. 2:06-cv-726-MEF (M.D. Ala. September 28, 2006) (granting motion to stay pending transfer to the MDL despite Plaintiffs' joinder of pharmaceutical representatives in an effort to defeat diversity jurisdiction); *Jackson v. Pfizer, Inc.,* CV-2:05-cv-841-F (M.D. Ala. Dec. 5, 2005) (Walker, J.) (same); *Nelson v. Pfizer, Inc.,* CV-2:05-cv-832-F (M. D. Ala. Oct. 20, 2005) (Fuller, Jr.) (same); *Thomas v. Pfizer, Inc.,* CV-2:05-cv-824-F (M. D. Ala. Nov. 15, 2005) (Fuller, J.) (same); *McGrady v. Pfizer, Inc.,* (CV-2:06-cv-431-MEF (M. D. Ala. May 26, 2006) (Fuller, J.) (same); *Hall v. Pfizer, Inc.,* CV-2:05-cv-941-F (M. D. Ala. Nov. 21, 2005) (McPherson, J.) (same); *Beverly v. Pfizer, Inc.,* CV-05-0542-M (S.D. Ala. Nov. 17, 2005) (Milling, J.) (same) or denied remand, *see Gordon v. Pfizer Inc., et al*, 2006 WL 2337002 at *9 (N.D. Ala. May 22, 2006) (denying remand and finding "no reasonable possibility" that the plaintiff would be able to establish a claim against pharmaceutical representative and therefore dismissing him with prejudice); *Conner v. G. D. Searle LLC,* No. CV 06-PT-843-E (N. D. Ala. June 1, 2006) (denying Motion to Remand and granting Motion to Stay).

24. Where, as here, summary judgment evidence (*see* Declarations, attached hereto as **Exhibit G**) demonstrates that the Employee Defendants (of both Merck and Pfizer) made no representations to the Plaintiff concerning the drugs at issue and did

9

not manufacture, design, sell, prescribe, test or warrant them, there is no reasonable basis on which Plaintiff could prevail against those individuals.[3] *See Stern v. Wyeth*, Case No. 02-80620-CIV-MARRA (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where affidavit of employee defendant demonstrated that there was no factual basis for liability); *In re Rezulin Products Liab. Litig.*, 133 F. Supp. 2d 272, 282 (S.D.N.Y. 2001) (denying motion to remand where affidavit of pharmaceutical representative established that the named employee did not have contact with plaintiff or physicians).

25. In the face of the evidence put forth in the attached declarations, the allegations in Plaintiffs' Complaint cannot defeat removal. *See Sierminski v. Transouth Financial Corp.*, 216 F. 3d 945, 948 (11th Cir. 2000) (holding that federal court's considering propriety of removal on diversity grounds are not limited to reviewing the allegations of the complaint and affirming denial of motion to remand); *TKI Inc. v. Nichols Research Corp.*, 191 F. Supp. 2d 1307 (M.D. Ala. 2002)(relying on deposition testimony to find in-state defendants fraudulently joined); *Goins v. Merck & Co.*, Case No. 4:03 CV-70-1 (M.D. Ga. Sept. 9, 2003) (relying on affidavits to find in-state

---

[3] The served Employee Representatives verified under oath in their declarations, among other things: "At no time did I ever provide "Vioxx" or information concerning Vioxx directly to Mary McCluskey….I am not a physician, and have, therefore, never prescribed Vioxx. I am also not a pharmacist and I have, therefore, never written or filled a prescription for Vioxx as a pharmacist. The information that I used during the course of my employment was provided to me by my employer. Specifically, Merck provided me with the FDA approved prescribing information and the other information I used in speaking with physicians about Vioxx. I have no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me….At no time did I have involvement at all with the manufacture, development, or testing of Vioxx….At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients….I made no knowing misrepresentations concerning the safety or efficacy of Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx….I have never participated in, nor was I ever instructed or trained, nor did I ever receive any materials relating to any "Dodgeball program."….I have never met nor spoken with Mary McCluskey….I have never made any presentations to the general public regarding Vioxx ."

pharmaceutical representatives fraudulently joined); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *5 (M.D. Ala. Dec. 19, 2005).

26.     Aside from the Plaintiffs' inability to present countervailing evidence, there is no reasonable basis to predict that Plaintiff will prevail on any of his claims against the Employee Defendants because Plaintiff cannot allege that the individual Employee Defendants actually personally participated in any wrongdoing as applicable to the Plaintiff.  *See, e.g.*, *Stern v. Wyeth*, No. 02-80620-CIV-MARRA, at 6 (S.D. Fla. Jan. 22, 2003) (denying plaintiff's motion to remand where plaintiff failed to allege "personal involvement" by an employee defendant in the alleged tortious conduct of the corporate defendant employer); *Kimmons*, 844 F. Supp. at 740 (defendant fraudulently joined were no allegations of personal participation were made); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *11 (M.D. Ala. Dec. 19, 2005)(discussing *In re Rezulin* and the necessity of showing personal participation by the sales representative in the alleged fraud); *Anderson v. Merck & Co., Inc.*, 417 F.Supp.2d 842 (E.D. Ky. 2006)(denying remand because plaintiffs failed to allege a causal connection between the plaintiffs' injuries and the sales representative).

27.     Although Plaintiff has a separate count pertaining to the sales representative defendants (Count IX), it is deficient because Plaintiff has failed to plead the claims with the particularity required by the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 9(b); *see also Wakeland v. Brown & Williamson Tobacco Corp.*, 996 F. Supp. 1213, 1221 (S.D. Ala. 1998) (failure to allege particular facts supporting claims against defendants violated Rule 9(b) and resulted in finding of fraudulent joinder); *Bloodsworth v. Smith & Nephew*, 2005 WL 3470337, at *10 to *11 (M.D. Ala. Dec. 19,

2005); *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001); *Durham v. Bus. Mgmt. Assoc.*, 847 F.2d 1505, 1512 (11th Cir. 1988); *Rezulin I*, 133 F. Supp. 2d at 183-84 (finding in-state defendants fraudulently joined due to plaintiff's failure to plead fraud claims with particularity). An order denying remand in another Vioxx case explains why Plaintiff's claims in this case fail. *See Hernandez v. Merck & Co., Inc., et. al*, Case No. 6:05-CV-00221-ORL-31-KRS (Order dated May 3, 2005, denying plaintiffs' motion to remand and dismissing two Merck sales representatives as defendants) (attached as **Exhibit H**). Judge Presnell of the Middle District of Florida held that the claims against the sales representatives in the *Hernandez* case were totally lacking in merit. According to the Court:

> Plaintiff has failed to allege what specific misrepresentations either Ortega or Kilkelly made to Dr. Lou or to the Plaintiff; the allegation that certain statements referred to in a warning letter to Merck were made to 'the plaintiff and/or plaintiff's prescribing physician' is clearly deficient. Nor does the Plaintiff allege who made particular misrepresentations, when and where those misrepresentations were made, or how each misrepresentation was false or misleading.

*Id.* at 10 n.12; *see also Merced-Torres v. Merck & Co., Inc.*, Case No. 6:05-CV-449-ORL-19DAB (Judge Fawsett's order denying plaintiffs' motion to remand) (*See* **Exhibit I**). Because Plaintiff's claims against the Employee Defendants suffer from the same deficiencies as those in *Hernandez* and *Merced-Torres*, these claims must be rejected as meritless by this Court.

28. Plaintiff's allegations in Count IX of his Complaint, although naming the Employee Defendants by name, do not meet the specificity requirements of the Federal Rules of Civil Procedure, nor do they even approach the level where they would prevent this from being an obvious case of fraudulent joinder. The allegations in Count IX make reference to labeling information and literature drafted by and provided by Merck, but do

12

not state any specifics as to whom the Employee Defendants allegedly made misrepresentations, what specifically was stated or passed on, when and where such misrepresentations were allegedly made or any other details.

29. Plaintiff, in Count IX, further alleges that the employee defendants were, among other things, sellers of the product and that they failed to adequately warn prescribing healthcare providers of the dangers of the product. However, pursuant to Alabama law, these employees are not "sellers" of the product at issue. See *Bowman v. Coleman Co.,* No. 96-0448-P-C (S. D. Ala. Sept. 3, 1996). Further, any claim asserting a duty to warn is barred by the learned intermediary doctrine. *See Stone v. Smith, Kline & French Laboratories*, 447 So. 2d 1301 (Ala. 1984); *Morguson v. 3M Company*, 857 So. 2d 796, 801-02, n. 1 (Ala. 2003).

In short, because there is no reasonable basis for predicting that Plaintiff can prevail on any of his claims against the Employee Defendants, their citizenship should be ignored for the purpose of determining the propriety of removal, and this Court therefore has diversity jurisdiction over this matter.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of Jefferson County, Alabama, bearing civil action number CV-06-7108, to this Court, pursuant to 28 U.S.C. § 1441.

**s/ Richard B. Garrett**

Richard B. Garrett
    Bar Number: (ASB-0782-A29R)
Mike Brock
    Bar Number: (ASB-5280-B61R)
F. Chadwick Morriss

Bar Number: (ASB-8504-S75F)

RUSHTON, STAKELY, JOHNSTON
& GARRETT, P.A.
Post Office box 270
Montgomery, Alabama 36101-0270
Telephone: 334/206-3100
Fax: 334/263-4157
E-mail: rbg@rsjg.com
rcb@rsjg.com
fcm@rsjg.com

**Attorneys for Defendants**

**CERTIFICATE OF SERVICE**

I hereby certify that on February 2, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Andy D. Birchfield, Jr., Esquire
Benjamin L. Locklar, Esquire
Beasley, Allen, Crow, Methvin,
    Portis & Miles, P. C.
P. O. Box 4160
Montgomery, Alabama 36103-4160

        **s/Richard B. Garrett**
        Of Counsel

14