FILED

2007 Feb-06 AM 10:20
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| WILLIAM D. MCCLUSKEY, as Surviving Spouse and as Personal Representative of the Estate of Mary L. McCluskey, deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO: |
| v. | ) ) | _____ |
| MERCK & CO., INC., a foreign corporation; PFIZER INC., a Delaware Corporation; PHARMACIA CORPORATION, a Delaware  Corporation; MONSANTO COMPANY, a   Delaware Corporation; G. D. SEARLE, LLC,   a Delaware Corporation; JAMES A. STEWART, an Individual; ANNA LEIGH WEBB, an Individual; TRAVIS TAYLOR, an      Individual; Robert Vandelune, an Individual,   et al, | ) ) ) ) ) ) ) ) ) ) ) ) | [Pending transfer to MDL - 1699 (In re Bextra and Celebrex Marketing, Sales Practices and Products Liability Litigation)] |
| Defendants. | ) | |

## JOINDER IN NOTICE OF REMOVAL

Defendants Pfizer Inc. ("Pfizer,"), Pharmacia Corporation ("Pharmacia,"

improperly captioned as Monsanto Company, *see* ¶ 9, *infra*), and G.D. Searle LLC

("Searle") (collectively, the "Pfizer Removing Defendants") with full reservation

of all defenses, join the Notice of Removal filed by Merck & Co., Inc. ("Merck")

to remove this civil action from the Circuit Court of Jefferson County, State of

- 1 -

Exhibit A

Alabama, to the United States District Court for the Northern District of Alabama, Southern Division. In support of Merck's Notice of Removal, the Pfizer Removing Defendants state as follows:

Plaintiff's counsel (or its affiliates) has, for the twelfth time, filed an action in Alabama state court against substantially these same defendants, fraudulently joining alleged, non-diverse sales representative defendants. As detailed below, the Eleventh Circuit recently spoke definitively against the "common strategy" employed by plaintiffs in pharmaceutical products liability cases such as this one of fraudulently joining individual non-diverse pharmaceutical representatives in an effort to defeat federal court jurisdiction. *Legg v. Wyeth*, 428 F.3d 1317, 1320 (11th Cir. 2005). In eleven of these twelve attempts, the Alabama federal district court has maintained federal jurisdiction over the case pending its transfer it to the multi-district litigation proceeding (the sole exception was decided before *Legg*). Here, Plaintiff filed suit against the Pfizer Removing Defendants and their alleged pharmaceutical representatives, Travis Taylor ("Taylor"), and Robert Vandelune ("Vandelune"), as well as Merck and its alleged pharmaceutical representatives, James A Stewart ("Stewart")[1], Anna Leigh Webb ("Webb"), and Cedric D. Anderson ("Anderson").[2] Plaintiff has no reasonable possibility of prevailing

---

[1] Plaintiff dismissed his claims against Stewart shortly after filing the Complaint.

[2] Taylor, Vandelune, Webb, and Anderson will be collectively referred to as the "Pharmaceutical Representatives".

2

Exhibit A

against any of the Pharmaceutical Representatives. Therefore, Plaintiff's inclusion of the Pharmaceutical Representatives does not defeat this Court's diversity jurisdiction.

Indeed, in recent removals involving similar allegations made by Plaintiff's counsel against other pharmaceutical representatives of the Pfizer Removing Defendants, Alabama federal courts have stayed proceedings pending transfer to the Multidistrict Litigation ("MDL") Court, *see, e.g.*, *Dunlap v. Pfizer, Inc*., No. 7:07-cv-45-HGD (N.D. Ala. Jan. 10, 2007) (Davis, J.) (granting motion to stay pending transfer to the MDL despite Plaintiff's joinder of pharmaceutical representative in an effort to defeat diversity jurisdiction); *Morris v. Pfizer Inc.*, No. 2:06-cv-349-MEF (M.D. Ala. May 26, 2006) (Fuller, J.) (denying Plaintiff's Motion to Expedite Ruling on Motion to Remand, whereupon case transferred to MDL court); *Jackson v. Pfizer, Inc.*, CV-2:05-cv-841-F (M.D. Ala. Dec. 5, 2005) (Walker, J.) (granting motion to stay pending transfer to the MDL despite Plaintiffs' joinder of pharmaceutical representatives in an effort to defeat diversity jurisdiction); *Nelson v. Pfizer, Inc.*, CV-2:05-cv-832-F (M.D. Ala. Oct. 20, 2005) (Fuller, J.) (same); *Thomas v. Pfizer, Inc.*, CV-2:05-cv-824-F (M.D. Ala. Nov. 15, 2005) (Fuller, J.) (same); *McGrady v. Pfizer, Inc.,* CV-2:06-cv-431-MEF (M.D. Ala. May 26, 2006) (Fuller, J.) (same); *Hall v. Pfizer, Inc.*, CV-2:05-cv-941-F (M.D. Ala. Nov. 21, 2005) (McPherson, J.) (same); *Beverly v. Pfizer, Inc.*, CV-05-

3

Exhibit A

0542-M (S.D. Ala. Nov. 17, 2005) (Milling, J.) (same) (collected at Exhibit 1),[3] or

denied remand, *see Gordon v. Pfizer Inc., et al.,* 2006 WL 2337002 at \*9 (N.D.

Ala. May 22, 2006) (denying remand and finding "no reasonable possibility" that

the plaintiff would be able to establish a claim against pharmaceutical sales

representative and therefore dismissing him with prejudice) (attached hereto as

Exhibit 2); *Conner v. G.D. Searle LLC,* No. CV 06-PT-843-E (N.D. Ala. June 1,

2006) (denying Motion to Remand and granting Motion to Stay) (Exhibit 3).

    1.    Merck and the Pfizer Removing Defendants, as well as the

purportedly non-diverse defendants, the Pharmaceutical Representatives, are the

only named defendants to the action filed in the Circuit Court of Montgomery

County, State of Alabama, bearing the caption *William D. McCluskey v. Pfizer

Inc., et al.,* Civil Action #2006-07108. On December 13, 2006, Plaintiff filed this

action for alleged damages suffered from his decedent, Mary McCluskey's use of

Vioxx® and Celebrex®. Compl. ¶ 1.

    2.    On September 6, 2005, the Judicial Panel on Multidistrict Litigation

("JPML") issued an order, pursuant to 28 U.S.C. § 1407, establishing an MDL

proceeding in the Northern District of California (MDL-1699) for cases such as

this involving Celebrex®. *See In re Bextra & Celebrex Mktg., Sales Pracs. &

Prods. Liab. Litig.*, 391 F. Supp. 2d 1377 (J.P.M.L. 2005). Accordingly, this case

---

[3] Removing Defendants will be filing a motion to stay all proceedings pending MDL transfer.

B MJA 737327 v1
2902026-000067 1/31/2007

Exhibit A

is expected to become a "tag-along" action transferable to MDL-1699 pursuant to Rules 7.4 and 7.5 of the Rules of Procedure of the JPML.  *See Rules of Procedure of the Judicial Panel on Multidistrict Litig.*, 199 F.R.D. 425 (J.P.M.L. 2001).  As noted, the Pfizer Removing Defendants will soon be filing a Motion to Stay all proceedings in this Court pending transfer.

## I.    THIS COURT HAS DIVERSITY JURISDICTION OVER THIS ACTION.

3.    This Court has federal diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332 because:  (1) the amount in controversy exceeds $75,000.00, exclusive of interest and costs; and (2) the requisite diversity of citizenship exists between Plaintiff and the properly joined Defendants.

### A.    The Amount-In-Controversy Requirement Is Satisfied.

4.    As detailed in Merck's Notice of Removal, the amount in controversy plainly exceeds $75,000.00, exclusive of interests and costs.

### B.    Complete Diversity Of Citizenship Exists Between The Properly Joined Parties.

5.    Plaintiff alleges that he is a resident of Alabama and that Mary McCluskey was a resident of Alabama at the time of her death.  Comp. ¶ 1. Plaintiff does not allege any alternative theories of residence.

6.    Defendant Pfizer was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of

5

Exhibit A

business in New York. *See id.* ¶ 3. Accordingly, Pfizer is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

7.     Defendant Pharmacia was at the time of filing of this action, and still is, a corporation existing under the laws of Delaware, with its principal place of business in New Jersey. *See* Compl. ¶ 4. Accordingly, Pharmacia is not now, nor was it at the time of filing of this action, a citizen of Alabama for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

8.     Defendant Searle was at the time of filing of this action, and still is, a limited liability company whose sole member is (and was) Pharmacia & Upjohn Company LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia & Upjohn LLC, which is, and at the time of the filing of this action was, a limited liability company whose sole member is (and was) Pharmacia Corporation which is, and at the time of the filing of this action was, a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Thus, for jurisdictional purposes, Searle is a citizen of Delaware and New Jersey. *See e.g., Rolling Greens MHP, LP v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (holding that a "limited liability company is a citizen of any state of which a member of the company is a citizen"); *see also* 28 U.S.C.

B MJA 737327 v1
2902026-000067 1/31/2007

Exhibit A

§ 1332(c)(1). Thus, Searle is not now, nor was it at the time of filing this action a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

9. In 1933, an entity known as Monsanto Company ("1933 Monsanto") was incorporated under the laws of Delaware. On March 31, 2000, a subsidiary of 1933 Monsanto merged with Pharmacia & Upjohn, Inc., and 1933 Monsanto changed its name to Pharmacia Corporation. *Cf.* Compl. ¶ 6. As stated in Paragraph 8, *supra*, Pharmacia is (and was at the time of the filing of this action) a corporation existing under the laws of the State of Delaware, having its principal place of business in the State of New Jersey. Accordingly, Defendant Monsanto Company, is not now, nor was it at the time of filing this action, a citizen of Alabama for purposes of determining diversity. *See* 28 U.S.C. § 1332(c)(1).

10. Merck is, and was at the time this suit was commenced, a corporation organized under the laws of the State of New Jersey with its principal place of business in New Jersey.

11. The Complaint also names additional defendants, the Pharmaceutical Representatives, and alleges that they are "residents" of the State of Alabama. *See* Compl. ¶ 7. Even assuming *arguendo* that the Pharmaceutical Representatives are Alabama citizens, their presence does not destroy diversity jurisdiction because they are fraudulently and improperly joined and/or misjoined in an attempt to

B MJA 737327 v1
2902026-000067 1/31/2007

Exhibit A

defeat diversity and prevent removal. As such, their citizenship is disregarded in determining whether diversity jurisdiction exists. *See*, *e.g.*, *Legg*, 428 F.3d at 1325; *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).

## II. THE PHARMACEUTICAL REPRESENTATIVES ARE FRAUDULENTLY JOINED.

12. The doctrine of fraudulent or improper joinder prevents a plaintiff from defeating federal diversity jurisdiction by simply naming in-state defendants where there is no reasonable possibility the plaintiff can establish a cause of action against that resident defendant. *See*, *e.g.*, *Triggs*, 154 F.3d at 1287; *Crowe v. Coleman*, 113 F.3d 1536, 1540 (11th Cir. 1997); *Gordon*, 2006 WL 2337002 at *9 (finding "no reasonable possibility" that the plaintiff would be able to establish a cause of action against pharmaceutical sales representative thus dismissing him with prejudice) (attached hereto as Exhibit 2).

13. To defeat a removing defendant's allegation that non-diverse parties have been fraudulently joined, plaintiffs must have a "reasonable basis" upon which they could recover against the non-diverse party; a "merely theoretical" basis is not enough. *Legg*, 428 F.3d at 1324-25 & n.5; *Gordon,* 2006 WL 2337002 at *2. Here, as in *Legg*, there is no "reasonable basis" that Plaintiff can establish a cause of action against the Pharmaceutical Representatives.

8

Exhibit A

14.     In *Legg*, plaintiffs brought a pharmaceutical product liability action in Alabama state court against several pharmaceutical companies and three pharmaceutical representatives.   Defendants removed the case to federal court contending that the plaintiffs fraudulently joined the pharmaceutical representatives.   Recognizing the improper "common strategy employed" in pharmaceutical product liability cases such as this in which plaintiffs "name local parties, often . . . local sales representatives, as defendants, thus defeating [a defendant's] right to remove a case to federal court," the Eleventh Circuit reiterated that the "removal process was created by Congress to protect defendants." *Id.* at 1320, 1325.  In *Legg*, as here, the defendants submitted a sworn affidavit from one of the defendant pharmaceutical representatives that she had detailed the drug in question to licensed healthcare providers and answered their questions based on information provided to her by her employer. *Id.* at 1321; *see* Affidavits of the Pharmaceutical Representatives, attached as Exhibit 4.

15.     Applying Alabama law, the appeals court found "no reasonable possibility" that the named pharmaceutical representatives could be found liable on plaintiffs' claims. *Legg,* 428 F.3d at 1324.; *see also id.* at 1325 n. 5 (stating the potential for legal liability "must be reasonable, not merely theoretical") (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002)).  The Eleventh Circuit emphasized:  "As the Supreme Court long

9

Exhibit A

ago admonished, 'the Federal courts should not sanction devices intended to prevent a removal to a Federal court where one has that right, and should be equally vigilant to protect the right to proceed in the Federal court.'" *Id.* at 1325 (quoting *Wecker* v. *Nat'l Enameling & Stamping Co.*, 204 U.S. 176, 186 (1907)).

16.    Fraudulent joinder may be shown by a lack of a factual or legal basis for a plaintiff's claims; in this case, Plaintiff's claims fail for both reasons. *See*, *e.g.*, *Gordon,* 2006 WL 2337002 at *9; *Owens v. Life Ins. Co. of Ga.,* 289 F. Supp. 2d 1319, 1323-24 (M.D. Ala. 2003).

17.    Plaintiff appears to assert causes of action against the Pharmaceutical Representatives for defendants generally for negligence, failure to warn, fraud, and negligent misrepresentation.[4]  Plaintiff appears to base his claims on the Alabama Extended Manufacturer's Liability Doctrine ("AEMLD").[5]  *See generally* Compl. Plaintiff's claims against the Pharmaceutical Representatives are based on their alleged role as a conduit for their employers. *See, e.g.*, Compl. ¶ 7 ("Defendants,

---

[4] Count IX of the Complaint, the only count directed to the non-diverse defendants, fails to make any case-specific allegations against the Pharmaceutical Defendants. Undoubtedly this is because Plaintiff's counsel has cut-and-pasted these allegations from numerous other complaints in which they have attempted to fraudulently join pharmaceutical representatives as defendants.  Count IX instead alleges that "the Sales Representative Defendants", defined only as "John Doe One and John Doe Two", committed the alleged tortious acts.  Nevertheless, for the purposes of this Joinder, the Pfizer Removing Defendants assume that Count IX is directed against the Pharmaceutical Representatives, as titled.

[5]  It appears that any negligence claims are brought pursuant to the AEMLD.  Even if they are not, however, they still fail.

10

Exhibit A

James A. Stewart, Anna Leigh Webb, Cedric D. Anderson, Travis Taylor, Robert Vandelune . . . . on behalf of Merck and Pfizer, marketed and promoted VIOXX®, BEXTRA®, and CELEBREX® in Jefferson County, Alabama, to the health care provider(s) treating Mary McCluskey, and prescribing or otherwise supplying VIOXX® and CELEBREX® to Mary McCluskey."). But the law is well settled that "those who are only conduits through which faulty information is supplied by one person to a third person cannot be held liable for fraud unless they acted in bad faith." *Legg*, 428 F.3d at 1324 (*citing Fisher v. Comer Plantation, Inc.*, 772 So. 2d 455, 463 (Ala. 2000)). Because there is no reasonable possibility in law or fact that Plaintiff could recover against the Pharmaceutical Representatives, those defendants have been fraudulently joined and their presence in this action cannot defeat removal. This conclusion accords with the findings of numerous MDL and Alabama federal courts, which have held, in pharmaceutical product liability claims involving prescription medication, that plaintiffs cannot pursue claims against pharmaceutical representatives and that their joinder does not defeat diversity.[6]

---

[6] *See, e.g., Gordon, supra; Conner, supra; In re Prempro Prods. Liab. Litig. (Graham v. Wyeth)*, No. 4:03CV1507, 2006 WL 617981, at *1 (E.D. Ark. Mar. 8, 2006); *In re Baycol Prods. Liab. Litig.*, MDL 1431 (Mar 26, 2004) (Exhibit 5); *In re Rezulin Prods. Liab. Litig.* 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001).

11

Exhibit A

A.     **Plaintiff Fails To State Legally Cognizable Claims Against the Pharmaceutical Representatives.**

18.     Plaintiff fails to state any legally sufficient basis for relief against the Pharmaceutical Representatives. *See e.g., Legg*, 428 F.3d at 1324-25; *Crowe*, 113 F.3d at 1540.

1.     **Plaintiff Fails to State Legally Cognizable Claims Against the Pharmaceutical Representatives for Violation of the AEMLD or for Breach of Warranty.**

19.     Plaintiff cannot establish a viable claim against the Pharmaceutical Representatives for violation of the AEMLD or for breach of express or implied warranty because pharmaceutical representatives are not the requisite manufacturers or sellers of prescription medicines. *See*, *e.g.*, *Turner v. Azalea Box Co.*, 508 So. 2d 253, 254 (Ala. 1987). To establish liability under the AEMLD, "the plaintiff must prove that the defendant manufactured and/or sold the allegedly defective product." *Id.* (citing *Atkins v. American Motors Corp.*, 335 So. 2d 134 (Ala. 1976)). "[P]harmaceutical representatives are not considered sellers or distributors under Alabama law" of the prescription drugs they detail. *Gordon,* 2006 WL 2337002 at *7. *See also In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 287 (S.D.N.Y. 2001); Pharmaceutical Representatives Aff.

20.     Nor can Plaintiff state a claim for breach of express or implied warranty against the Pharmaceutical Representatives because the Pharmaceutical Representatives are not "sellers" under Alabama law. *See* Ala. Code §§ 7-2-

12

Exhibit A

313(1), 7-2-314(1), 7-2-315, 7-2-103(1)(d) (express and implied warranty claims refer to the creation of warranties by the "seller"); *Gordon,* 2006 WL 2337002 at *7 ("[B]ecause pharmaceutical representatives are not considered sellers or distributors under Alabama law, [the detailer] cannot be liable as a warrantor of Bextra under claims for breach of warranty."); *Rezulin*, 133 F. Supp. 2d at 286 ("seller" who makes warranties about a prescription medicine is the "pharmaceutical manufacturer," and not the pharmaceutical representative); *e.g.*, Pharmaceutical Representative Affs. Accordingly, the Pharmaceutical Representatives cannot be liable under the AEMLD or a warranty theory.

    **2.**    **Plaintiff Fails to Establish Legally Cognizable Claims for Failure to Warn.**

21.    Plaintiff's failure to warn claims likewise fail. First, in products liability actions premised on a negligence (or wantonness) theory, "[t]he defendants must be either the manufacturer or seller of the injury-producing article." *Norton Co. v. Harrelson*, 176 So. 2d 18, 20 (Ala. 1965). As explained above, pharmaceutical representatives in general, and the Pharmaceutical Representatives in particular, are neither manufacturers nor sellers of prescription medicines. *See* § I(A)(1), *supra*; Pharmaceutical Representative Affs. Second, under Alabama law, a prescription drug manufacturer satisfies its duty to warn under the AEMLD or negligent failure to warn claims by distributing an adequate warning to the prescribing physician. *See*, *e.g.*, *Stone v. Smith, Kline & French*

13

Exhibit A

*Labs*, 447 So. 2d 1301, 1305 (Ala. 1984) (holding that an adequate warning to the prescribing physician, but not to the ultimate consumer, is sufficient as a matter of law to avoid liability under the AEMLD in the case of prescription drug); *Gurley v. American Honda Motor Co.*, 505 So. 2d 358, 361 (Ala. 1987) (holding that, as a matter of law, a manufacturer cannot be held liable for negligent failure to warn where it distributed the product with reasonable warnings): *Purvis v. PPG Indus., Inc.*, 502 So. 2d 714 (Ala. 1987).

22.    Stated simply, under Alabama law, pharmaceutical representatives have no duty to warn plaintiffs directly.  As another court has remarked in this context, there is "no authority for the proposition that the sales representatives, as opposed to the manufacturer, had any duty to warn" and, as noted, "any duty to warn that it or its sales representatives had was owed not to Plaintiffs, but to Plaintiffs' physicians" under the learned intermediary doctrine. *Johnson v. Parke-Davis*, 114 F. Supp. 2d 522, 525 (S.D. Miss. 2000) ("Plaintiffs have no cause of action against the named sales representatives for failure to warn.") (citing *Wyeth Labs., Inc. v. Fortenberry*, 530 So. 2d 688, 691 (Miss. 1988) (denying motion to remand an action naming the manufacturer and non-diverse pharmaceutical representatives as defendants); *see Rezulin*, 133 F. Supp. 2d at 282.

23.    Further, as addressed below, Plaintiff's Complaint fails to state sufficient facts to support a failure to warn claim against the Pharmaceutical

14

Exhibit A

Representatives for failing to warn Plaintiff's decedent or her physician. Plaintiff

fails to allege any facts to demonstrate that the Pharmaceutical Representatives had

any unique or specialized knowledge or information independent of the

information contained in the FDA-approved physician package insert which they

had an obligation to disclose to Plaintiff's prescribing physician. To the contrary,

they had none. *See* Pharmaceutical Representative Affs. Where, as here, Plaintiff

fails to allege any facts indicating that the named representatives had any "unique

or specialized knowledge or information," about the drug, Plaintiff cannot state a

viable cause of action against a pharmaceutical representative for failure to warn.

*Gordon,* 2006 WL 2337002 at *9. Consequently, in no event could Plaintiff state a

cognizable cause of action against the Pharmaceutical Representatives for failure

to warn Plaintiff or Plaintiff's physician.

### 3. Plaintiff's Fraud-Based Claims Fail.

24. Plaintiff also cannot sustain his claims against the Pharmaceutical

Representatives for fraudulent and negligent misrepresentation because the

Complaint fails to comply with the "particularity" requirement of Rule 9(b). *See*

Fed. R. Civ. P. 9(b) (requiring that allegations of fraud be stated with particularity);

Ala. R. Civ. P. 9(b), comment (stating that the Alabama rule is identical to the

federal rule). Particularity "requires a plaintiff in pleading fraud to distinguish

among defendants and specify their respective role in the alleged fraud." *Gordon,*

B MJA 737327 v1
2902026-000067 1/31/2007

Exhibit A

2006 WL 2337002 at *6; *see also* *Lyons v. American Tobacco Co.*, 1997 WL 809677, at *5 (S.D. Ala. Sept. 30, 1997) (observing that there is "no better admission of fraudulent joinder" of a non-diverse defendant than a plaintiff's failure "to set forth any specific factual allegations" against that defendant). Thus, a plaintiff must allege the time, place, content and speaker of the allegedly fraudulent misrepresentations. *McAllister Towing & Trans. Co. v. Thorn's Diesel Serv. Inc.*, 131 F. Supp. 2d 1296, 1302 (M.D. Ala. 2001); *Estate of Scott v. Scott*, 907 F. Supp. 1495, 1498 (M.D. Ala. 1995); *see* Ala. R. Civ. P. 9(b), Committee Comments on 1973 Adoption, Subdivision (b) (stating plaintiff must show the "time, place and the contents or substance of the false representation, the fact misrepresented, and the identification of what has been obtained"). Mere "general allegations do not meet the Rule 9(b) requirements." *Rezulin*, 133 F. Supp. 2d at 284.

25.    Plaintiff fails to plead with the requisite particularity. Plaintiff merely alleges generically that "The Sales Representative Defendants misrepresented material facts regarding the safety and efficiency of VIOXX® and CELEBREX®, and failed to inform and did conceal from Mary McCluskey, the public, and health care providers these material facts." *E.g.*, Compl. ¶ 166. The Complaint fails to specify time, place, or content of *any* particular representations made by the Pharmaceutical Representatives. Nor does the Complaint name the prescribing

16

Exhibit A

physician to whom the allegedly fraudulent misrepresentations were made. Because Plaintiff fails to plead these fraud-based claims with the requisite particularity, Plaintiff cannot state a claim. *See United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1310 (11th Cir. 2002) ("this Court has endorsed the dismissal of pleadings for failing to meet Rule 9(b)'s standards"); *Gordon,* 2006 WL 2337002 at *7 ("Here, Plaintiff's allegations fail to allege the essential elements of fraud and misrepresentation."); *Mixon v. Cason*, 622 So. 2d 918, 920 (Ala. 1993) ("The plaintiff did not plead with the specificity required by Rule 9(b)" and "the trial court properly dismissed").

26.    Further, Plaintiff's fraud-based claims fail because all of the Pharmaceutical Representatives' knowledge about the alleged benefits and risks of Vioxx® or Celebrex® came from their employers and the FDA-approved labeling, and they therefore lacked the required personal culpability in the alleged fraud. *See* Pharmaceutical Representative Affs.; *Legg*, 428 F.3d at 1324 (under Alabama law, a sales representative cannot be held liable unless he "personally participate[d] in the tort") (quoting *Turner v. Hayes*, 719 So.2d 1184, 1188 (Ala. Civ. App. Ct. 1997)).

**B.    No Factual Basis Exists for Plaintiff's Claims Against the Pharmaceutical Representatives.**

17

Exhibit A

27.    In addition to there being no legal basis for Plaintiff's claims, there is likewise no factual basis for them. *See, e.g.*, Pharmaceutical Representative Affs. ¶¶ 4, 8, 9; *Legg*, 428 F.3d at 1324-25 (grounding fraudulent joinder analysis on sales representative's affidavit).

28.    Notwithstanding Plaintiff's boilerplate allegations, there is no factual basis for her claims against the Pharmaceutical Representatives.    The Pharmaceutical Representatives never met with Plaintiff or Mary McCluskey, and they never made any presentations to the general public.    Pharmaceutical Representative Affs.  They played no role in developing Vioxx® or Celebrex® and disseminated no information about the medications beyond that provided them by their employers.  Pharmaceutical Representative Affs.  Further, the Complaint fails to allege what information the Pharmaceutical Representatives allegedly misrepresented to or concealed from Plaintiff's decedent or her prescribing physician. *See, e.g.*, Compl. ¶¶ 162-189; *see generally Rezulin*, 168 F. Supp. 2d at 140 (finding fraudulent joinder where such specific allegations are lacking). Moreover, none of the Pharmaceutical Representatives have even detailed Vioxx® or Celebrex® in Jefferson County, contrary to Plaintiff's allegations.  Compare Compl. ¶ 7 with Pharmaceutical Representative Affs.  In light of all these facts, Plaintiff has no "reasonable possibility" for recovery, and the Pharmaceutical Representatives are fraudulently joined. *See Legg*, 428 F.3d at 1324-25 (grounding

18

Exhibit A

fraudulent joinder analysis on sales representative's affidavit); *see also, e.g.*, *Gordon*, 2006 WL 2337002 at *7 ("Without any competent evidence that [the detailer] made knowing misrepresentations or acted in bad faith – and particularly in light of [his] statement that he had no specialized knowledge about Bextra and relied entirely on information provided to him by Pfizer – there is 'no reasonable possibility' that an Alabama court would conclude that he is liable for fraud or misrepresentation.") (quoting *Legg*, 428 F.3d at 1324).

29.    Thus, no factual or legal basis exists for Plaintiff's claims against the Pharmaceutical Representatives.    The Pharmaceutical Representatives are fraudulently joined and their citizenship cannot destroy this Court's diversity jurisdiction.

## III.    PROCEDURAL REQUIREMENTS FOR REMOVAL

30.    All other procedural requirements for removal have been met.  *See* Merck's Notice of Removal.  All properly joined Defendants have consented to this Notice of Removal.  28 U.S.C. § 144(a); *see Clay v. Brown & Williamson Tobacco Corp.*, 77 F. Supp 2d 1220, 1222 n.3 (M.D. Ala. 1999) (fraudulently or improperly joined defendants need not consent to removal).  Although their consent is not necessary because they have been fraudulently and improperly joined, Taylor and Vandelune, who are represented by the undersigned, as well as

19

Exhibit A

Webb and Anderson, who are represented by Merck's counsel, nonetheless consent in this removal.

31.    If any question arises to the propriety of the removal of this action, Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, the Pfizer Removing Defendants join Merck's Notice of Removal and request that this action be removed to the Northern District of Alabama, Southern Division.

Respectfully submitted this 2nd day of February, 2007.

Lawrence B. Clark
M. Jason Asbell
*Attorneys for Defendants*

OF COUNSEL:

BAKER, DONELSON, BEARMAN,CALDWELL & BERKOWITZ, PC
SouthTrust Tower, Suite 1600
420 Twentieth Street North
Birmingham, Alabama 35203
Telephone:  (205) 328-0480
Facsimile:   (205) 322-8007

20

Exhibit A

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the above and foregoing on the below named by placing a copy of the same in the U.S. Mail on this the 2nd day of February, 2007:

Mr. Jere L. Beasley
Mr. Andy D. Birchfield, Jr.
Mr. Navan Ward, Jr.
Mr. Paul Sizemore
Mr. Gerald B. Taylor, Jr.
BEASLEY, ALLEN CROW, METHVIN, PORTIS & MILES, P.C.
P.O. Box 4160
Montgomery, Alabama 36103-4160

Mr. Richard B. Garrett
Mr. Mike Brock
Mr. F. Chadwick Morriss
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270

OF COUNSEL

B MJA 737327 v1
2902026-000067 1/31/2007

Exhibit A