IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIAM D. MCCLUSKEY, as Surviving Spouse and as Personal Representative of the Estate of Mary L. McCluskey, deceased, | * * * * * |
| Plaintiff, | * * |
| v. | * Case No. _____ |
| | * |
| MERCK & CO., INC., a foreign corporation; PHIZER INC., a Delaware Corporation; PHARMACIA CORPORATION, a Delaware Corporation; MONSANTO COMPANY, a Delaware Corporation; G. D. SEARLE, LLC, a Delaware Corporation; JAMES A. STEWART, an Individual; ANNA LEIGH WEBB, an Individual; TRAVIS TAYLOR, an Individual; Robert Vandelune, an Individual, et al, | * * * * * * * * * * |
| Defendant. | * |

## DECLARATION OF CEDRIC ANDERSON

1.  My name is Cedric Anderson. I am over twenty-one years of age, am of sound mind, and am competent to make this declaration. This declaration is based upon my personal knowledge.

2.  At no time did I ever provide Vioxx® ("Vioxx") or information concerning Vioxx directly to Mary McCluskey.

3.  I am not a physician, and have therefore never prescribed Vioxx. I am also not a pharmacist and therefore have never written or filled a prescription for Vioxx as a pharmacist. The information that I used during the course of my employment was

Exhibit G - Part 1

provided to me by my employer. Specifically, Merck provided me with the FDA-approved prescribing information and the other information I used in speaking with physicians about Vioxx. I had no involvement in the development or preparation of prescribing information for Vioxx, and did not have responsibility for the content or other written warnings concerning Vioxx contained in other information provided to me by my employer. I was not expected, as a Professional Representative, to conduct independent research regarding drugs I detailed. I was not expected to review independent scientific studies published in journals unless Merck supplied them to me.

4. At no time did I have any involvement at all with the manufacture, development, or testing of Vioxx. The physicians with whom I dealt and on whom I called in my job were highly skilled professionals. They were, in my judgment and to the best of my knowledge, in a better position than I to make determinations concerning prescribing Vioxx. I had no dealings at all at any time with any patients of any of the physicians on whom I called, and had no knowledge or information of any of those patients' medical histories, symptoms, prognoses, or courses of treatment.

5. At no time did I ever sell, offer to sell or take orders for the sale of Vioxx to patients. Physicians upon whom I would call would write their prescriptions for Vioxx based upon their own independent medical knowledge and judgment and I would not have direct knowledge of any specific prescriptions these physicians may have written for individual patients including but not limited to Mary McCluskey.

6. I have never promoted or detailed Vioxx in Jefferson County, Alabama.

7. I never participated in, nor was I ever instructed or trained, nor did I ever receive any materials relating to any "Dodgeball program."

8. I have never met nor spoken with Mary McCluskey.

9. I made no knowing misrepresentation concerning the safety or efficacy of Vioxx and acted in good faith at all times in my dealings with physicians who may have prescribed Vioxx.

10. I have never made any presentations to the general public regarding Vioxx.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2006.

_____
Cedric Anderson

3

Exhibit G - Part 1